IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:95-cr-142 |
| | ) | |
| JUAN SIERRA | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is presently before the court on defendant's *pro se* motion to request modification of sentence under 18 U.S.C. § 3621(e). For the reasons that follow, defendant's motion will be denied.

In July 1995, defendant Juan Sierra was indicted with seven co-defendants in connection with a conspiracy to distribute cocaine. In October 1995, Sierra agreed to plead guilty to three offenses set forth by way of information. Specifically, Sierra pleaded guilty to conspiring to distribute cocaine and possessing cocaine with intent to distribute in violation of 21 U.S.C. § 846, being a felon in possession of nine firearms in violation of 18 U.S.C. § 922(g)(1), and laundering money in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Even though defendant was facing a mandatory term of life in prison, this court sentenced the defendant to 180-

month term of imprisonment based upon the motion of the government as the result of defendant's substantial assistance.

In his pending motion, defendant primarily complains that the Bureau of Prisons (BOP) has refused to give him a 12-month reduction in his term of imprisonment even though he has successfully completed the Residential Drug Abuse Program (RDAP). See 18 U.S.C. § 3621(e)(2)(B).

The statute at issue provides as follows:

> The period a prisoner convicted of a *nonviolent* offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction *may* not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added). As the statute clearly indicates, the matter of what reduction and the extent of that reduction (as long as it does not exceed one year) is left totally to the discretion of the BOP. Furthermore, the statute is equally clear that this incentive is simply not available to one convicted of a violent offense. Here, the defendant pleaded guilty to being a felon in possession of nine firearms. Based on the unambiguous language of this statute, therefore, this court is of the opinion that the defendant is not being impermissibly discriminated against because the BOP interprets this statute in a manner adverse to the defendant. Nor does it appear to the court that the defendant is being discriminated against because

he may be ineligible for six months in a half-way house at some point in the future because he is an illegal alien.

The court is certainly sympathetic with the defendant regarding various tragedies which have occurred in his family during the time while he has been incarcerated. However, as the Sixth Circuit observed in *United States v. Cage*, 458 F.3d 537, 539 (6th Cir. 2006), "tragedy is a regular consequence of criminal conduct," both for the victims and for the defendant's own family. Thus, there is nothing about the defendant's familial situation which warrants a further reduction in the defendant's sentence, even if this court had jurisdiction to do so.

Accordingly, for the reasons foregoing, defendant's *pro se* motion to request modification of sentence under 18 U.S.C. § 3621(e) [Doc. 61] is hereby DENIED because the court finds that the BOP has taken no action in defendant's case, at least based on the present record, which is either unconstitutional or discriminatory.

**E N T E R :**

                                                *s/ James H. Jarvis*
                                      UNITED STATES DISTRICT JUDGE